IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02833-LTB

MIGUEL ANGEL PUENTES-ROSABAL,

    Applicant,

v.

ERICK [sic] HOLDER, JR., United States Attorney General,
JANET NAPOLITANO, Secretary of the United States Department of
    Homeland Security (D.H.S.),
JOHN MORTON, United States D.H.S. Director of ICE,
JOHN LONGSHORE, Field Office Director U.S. ICE in Colorado,
MR. CHOATE, Warden of GEO CDF ICE Detention Center,
JOHN SUTHERS, U.S. Attorney General for Colorado,
CORINA E. ALMEIDA, Chief Counsel for D.H.S.-ICE,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Miguel Angel Puentes-Rosabal, was confined at the detention center in Aurora, Colorado, when he initiated the instant action. On December 26, 2013, Respondents informed the Court that Applicant was ordered released from the custody of Immigration and Custody Enforcement on December 19, 2013. *See* ECF No. 11.

On December 20, 2013, Applicant filed *pro se* a motion titled "Petitioner's Motion to Re-open or Reconsider Petition of Habeas Corpus Unnder [sic] § 2241" (ECF No. 10). For the reasons discussed below, the motion will be treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and will be denied.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Applicant's motion was filed seventeen days after the Court's Order of Dismissal (ECF No. 6) and Judgment (ECF No. 7) were entered on December 3, 2013. Therefore, The Court will consider Applicant's December 20 motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

On December 3, the Court dismissed the instant action without prejudice pursuant to Fed. R. Civ. P. 41(b) for Applicant's failure within the time allowed to cure all the deficiencies designated in the order to cure of October 17, 2013 (ECF No. 3) by submitting either the $5.00 filing fee or a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 within the time allowed. The December 3 dismissal order

discusses in detail the reasons for the dismissal.

After consideration of the motion and the entire file, the Court finds that Applicant fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 59(e) motion does not alter the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 59(e) motion will be denied.

Also before this Court is Applicant's "Petition Requesting Documents" (ECF No. 9). Applicant alleges he has not received copies of the Order of Dismissal and Judgment, which were returned to the Court as undeliverable on December 13, 2013. *See* ECF No. 8. The petition will be granted. The clerk of the Court will be directed to mail to Applicant at his current address copies of the Order of Dismissal and Judgment in this action.

Accordingly, it is

ORDERED that the motion titled "Petitioner's Motion to Re-open or Reconsider Petition of Habeas Corpus Unnder [sic] § 2241" (ECF No. 10) that Applicant, Miguel Angel Puentes-Rosabal, filed *pro se* on December 20, 2013, and which the Court has treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), is denied. It is

FURTHER ORDERED that the "Petition Requesting Documents" (ECF No. 9) is granted. The clerk of the Court is directed to mail to Applicant at his current address and together with a copy of this order copies of the Order of Dismissal (ECF No. 6) and Judgment (ECF No. 7) in this action.

DATED at Denver, Colorado, this  2nd  day of    January         , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court